IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CUNNINGHAM PROPERTY
MANAGEMENT TRUST, individually and
on behalf of a class of all others similarly
situated,

          Plaintiff,

v.

ASCENT RESOURCES – UTICA, LLC

          Defendant.

Case No. 2:16-cv-00957

Chief Judge Edmund A. Sargus, Jr.

Magistrate Judge Terence P. Kemp

## **PROTECTIVE ORDER**

Upon consideration of the Joint Motion of the Parties Pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure, the Court finds that good cause exists for the entry of this

protective order.

In the First Amended Class Action Complaint filed in this civil action, Plaintiff

Cunningham Property Management Trust ("Plaintiff") asserts claims for an accounting, breach

of contract, unjust enrichment, fraud, and injunctive and declaratory relief.  The Complaint seeks

class action status and the same relief on behalf of a proposed class of lessors who have received

or who are entitled to receive royalty payments from natural gas or oil wells in the state of Ohio

that have been owned or operated by Ascent Resources – Utica, LLC ("Defendant") or any of

Defendant's affiliates, predecessors, successors, or subsidiaries since October 1, 2012, or from

natural gas or oil wells in the state of Ohio where Defendant or any of Defendant's affiliates,

predecessors, successors, or subsidiaries were the "lessee" or owner of the "working interest"

since October 1, 2012.  Documents that may be sought in discovery include confidential

financial, personal, proprietary, competitive business, or commercial information about

Defendant, such that disclosure of this information outside of this litigation might harm

Defendant's businesses.  Under the authority of Federal Rule of Civil Procedure 26(c), the

parties have agreed on the following terms to maintain the confidentiality of information

produced in discovery that contains confidential commercial or proprietary information and

protect privileged communications or information and trial preparation materials.  Being fully

advised on the premises and finding good cause for granting said Motion,

THE COURT HEREBY ORDERS AS FOLLOWS:

1.      This Protective Order and the Acknowledgement attached as Exhibit A govern the

handling of documents, materials, tangible things, or other information or deposition testimony

disclosed in this action, when those items are designated as "Confidential Information" and/or

"Privileged Information" in accordance with the procedures herein.

2.      Definitions.

   (a)      The term "Information" as used in this Protective Order shall mean all or part of:
   (a) discovery responses and other written information; (b) testimony and other
   oral statements, transcripts, or recordings thereof, including exhibits thereto; (c)
   documents and things produced; (d) any other form or format in which discovery
   or disclosure is made in this action, whether in writing, on electronic, magnetic
   and/or digital media or otherwise; (e) copies, excerpts, extracts, and summaries of
   any of the foregoing; and (f) any information contained in or derived from any of
   the foregoing.

   (b)      The terms "Confidential Information" or "Confidential" are defined to mean
   Information that contains financial, personal, proprietary, competitive business, or
   commercial Information about Defendant, or any affiliates, subsidiaries, parents,

or related entities of Defendant, or their respective officers, employees, agents or working interest owners, royalty owners, other interest owners, or contractual third parties, which might be entitled to protection as confidential under Ohio or federal law, the disclosure of which might prejudice the interests of Defendant, or any affiliates, subsidiaries, parents, or related entities of Defendant, or their respective employees, agents, or any contractual third party.

(c)     The terms "Privileged Information" or "Privileged" as used shall mean Information or documents protected by the attorney-client privilege, work-product immunity, or any other privilege recognized in the law.

3.     <u>Designation of Confidential Information</u>.

(a)     Any party claiming in good faith that any Information is Confidential shall be required to designate those materials that are considered to be Confidential and covered by this Protective Order in writing or on the stenographic record to the other party and its attorneys.   Any document, CD, response, pleading, or interrogatory answer that a party in good faith believes is  covered by this Protective Order and that is delivered to the Requesting Party shall be stamped or otherwise bear the header  "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."  The legend shall be placed in such a manner that it does not obscure or make illegible the wording or content of the document.  As to deposition testimony, during the first thirty (30) days after receipt, all deposition transcripts in this action will be treated as Confidential Information, unless otherwise explicitly recorded on the record at the deposition or in some other manner.  Portions of depositions that deal with Confidential Information must be

designated as such during the deposition or at any time prior to thirty (30) days after the transcripts are provided to counsel. Designation shall be made in writing and portions so designated shall be deemed Confidential Information. To ensure appropriate steps can be taken to designate depositions as Confidential Information, no party shall divulge any portion of any deposition other than to a person listed in Paragraph 7(a) prior to thirty (30) days after the deposition transcript has been provided to counsel.

(b)  This Protective Order shall be without prejudice to either party bringing before the Court at any time the question of whether any particular Information qualifies as Confidential or Privileged as defined in this Protective Order. If a party challenges, in writing, the designation of a document as Confidential or Privileged, the party asserting its Confidentiality or Privilege shall bear the burden to establish its status as Confidential or Privileged and have ten (10) days from service of the written challenge in which to file an appropriate Motion with the Court for judicial approval of the Confidential or Privileged designation of the discovery materials. Documents designated as Confidential or Privileged will be treated as Confidential Information or Privileged Information until the Court rules that the designated document or information is not Confidential or not Privileged.

4.  <u>Limited Use of Confidential Information</u>. Confidential Information shall be kept strictly Confidential and shall not be disclosed, disseminated, discussed, or otherwise published, in whole or in part, directly or indirectly, by any manner, method, or means whatsoever to any person, firm, or entity except as provided in this Protective Order or subsequent Order of the Court. No Confidential Information produced or disclosed in this action may be used by any

person, firm, or entity for any purpose whatsoever except solely in connection with the prosecution, defense, or settlement of this action.

5.      Filing of Confidential Information.  Any party that seeks to file Confidential Information under seal with the Court must first file a motion with the Court and be granted leave to file the document under seal.  The party seeking to file Confidential Information under seal must follow the Court's procedures for filing documents under seal, as provided in S.D. Ohio Civ. R. 5.2.1.

6.      Use of Confidential Information at Public Trials or Hearings.  Because it is expected that Confidential Information will be used at every public trial or hearing in this action or any appeal therfrom, the party proposing to use said Confidential Information shall give notice not fewer than 7 days in advance of such trial or hearing and identify for the Court and the Producing Party the Confidential Information to be used to enable the Producing Party an opportunity to seek appropriate protection from the Court and/or to allow the Court to take whatever steps it may believe are reasonably necessary to protect the Confidential Information.

7.      Disclosure of Confidential Information.

(a)      The disclosure of Confidential Information shall be limited to:

(1)      The attorneys for any party to this action, including in-house counsel, and such other attorneys who shall enter an appearance in this action;

(2)      Secretaries, paralegals, legal assistants, and other personnel regularly employed by the attorneys for any party to this action;

(3)      Named parties, their authorized corporate representatives, and any former or present director, officer, or employee of the Requesting or Producing Party in this action to the extent deemed necessary by an attorney for any

party to this action for the prosecution, defense, or settlement of this action;

(4) Consultants, including investigators and experts, retained for purposes of this action and subject to the requirements of Paragraph 7(c);

(5) Witnesses during, or in preparation for, testimony by deposition or at trial, to the extent that examination with respect to the document is deemed necessary by an attorney for any party to this action for legitimate discovery or trial purposes of prosecution, defense, or settlement of this action and subject to the requirements of Paragraph 7(c) of this Order;

(6) Stenographic court reporters or anyone else involved in the memorialization or transcription of testimony in this action; and

(7) The Court and its personnel in this action.

(b) The persons identified in Paragraph 7(a)(1-6) shall be prohibited from disclosing or using any Confidential Information for any business or competitive purpose or any purpose other than solely for the purpose of prosecuting or defending this action. The parties recognize that the Court may weigh its own obligations, duties, and/or responsibilities with regard to any Confidential Information and do not intend this Protective Order to cover the entities provided for in Paragraph 7(a)(7)

(c) Confidential Information may be disclosed to individuals identified in Paragraphs 7(a)(4) and 7(a)(5) who require access to such Confidential Information to perform their duties in this action, provided that, prior to disclosure of the Confidential Information, each such person: (a) shall be advised of this Protective

- 6 -

Order; (b) shall be required to read a copy of this Protective Order; (c) shall execute the Acknowledgement attached to this Protective Order as Exhibit A; (d) shall agree to be bound by the terms and conditions of this Protective Order; and (e) shall agree not to use any of the Confidential Information for any purpose other than solely for the prosecution or defense of this case including, without limitation, expressly prohibiting the advising or providing services to any business competitors of Defendant based upon any Confidential Information learned in this case. Attorneys for the party making the disclosure of Confidential Information pursuant to this provision shall maintain a file of all such executed Acknowledgements and shall make reasonable efforts to insure compliance with such Acknowledgements..

(d)     In the event a party contends it is required to produce any of the Confidential Information in response to a Court Order or subpoena, that party shall, prior to producing any such Confidential Information, give all other parties to this Protective Order notice of the obligation to do so within 7 days of receipt of the Court Order or subpoena to allow the Producing Party the opportunity to seek to protect the Confidential Information. If a protective order cannot be obtained and a recipient of Confidential Information is ultimately compelled by a Court Order to disclose it, that person or entity may disclose only such portion of such Confidential Information that is required to be disclosed.

(e)     Nothing contained in this Protective Order shall prevent any party from disclosing Confidential Information to any witness during a deposition or at trial. However, unless a deposition witness has complied with Paragraph 7(c) of this Order, no

deposition witness may review or retain any Confidential Information before or after the deposition.

8.    Confidential Information Subject To Third-Party Non-Disclosure Agreements.

(a)    Certain Confidential Information that may be sought in discovery may be subject to third-party non-disclosure agreements or third-party confidentiality provisions that require notice to and/or the consent of a third-party in order to disclose such Confidential Information.   In the event that Confidential Information of this nature is sought in discovery, the parties agree to the following procedures:

(1)    The Producing Party shall notify the Requesting Party that the Confidential Information being sought is subject to a third-party non-disclosure agreement or third-party confidentiality provision and shall provide sufficient information to the Requesting Party regarding the nature of the Confidential Information and the terms of the third-party non-disclosure agreement or third-party confidentiality provision.

(2)    The Producing Party shall take reasonable steps, including meeting any requirement under the applicable third-party non-disclosure agreement or third-party confidentiality provision, to notify the third-party of the discovery requests and to obtain consent from the third-party to produce the Confidential Information, including providing a copy of this Protective Order and the discovery requests seeking the Confidential Information.

(3)    To the extent that any third party raises concerns or asserts additional conditions for the protection of the Confidential Information prior to

- 8 -

disclosure, the Producing Party shall notify the Requesting Party, and the parties will meet and confer in good faith in an attempt to meet the requirements of the third party.

(4)     In the event that the Producing Party is unable to obtain the voluntary consent of a third party, including after any discussions contemplated in Paragraph 8(a)(1), the Producing Party shall notify the Requesting Party, and the Requesting Party may seek intervention by the Court, including, but not limited to, a Court Order directing production of the Confidential Information, subject to the terms and conditions of this Protective Order and any other terms and conditions the Court may impose. The Producing Party will make all reasonable efforts to assist with the Requesting Party's efforts to obtain such Confidential Information.

9.     <u>Non-party Information</u>.

(a)     The existence of this Protective Order must be disclosed to any person or entity producing Information in this litigation who/which may reasonably be expected to desire confidential treatment for such Information.

10.     <u>Maintenance of Information</u>.

(a)     It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order.   Counsel is responsible for employing reasonable

measures to control unauthorized access to and use, distribution, and duplication of Confidential Information, consistent with this Protective Order.

11. <u>Inadvertent Production</u>

(a) The parties adopt and incorporate Paragraph F of this Court's Memorandum of First Pretrial Conference (ECF No. 13) filed on November 30, 2016, in the event of an inadvertent disclosure of any Privileged Information.

12. <u>General Provisions</u>.

(a) A party shall be allowed to designate Information produced by any other party or entity as Confidential at a later date but no later than 30 days after production, at which time the provisions of this Order shall apply to such Information.

(b) Nothing in this Protective Order shall limit or restrict a Requesting Party's use of information that the Requesting Party can demonstrate: a) was lawfully in the Requesting Party's possession before such information was designated as protected material in this litigation and that the Requesting Party is not otherwise obligated to treat as Confidential Information; b) was obtained without any benefit or use of protected material from a third party having the right to disclose such information to the Requesting Party without restriction or obligation of confidentiality; c) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's protected material; or d) has been published to the general public at the time of disclosure to the Requesting Party.

(c) Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production of any Information or documents for lack of timeliness

or relevance or materiality, or as a Privileged communication, or as work product of counsel, or as not calculated to lead to the discovery of admissible evidence.

(d)     Nothing in this Protective Order shall be construed to limit in any way any party's use of its own Confidential Information.

(e)     Within sixty (60) days of the final termination of this action, whether by settlement or judgment, including appeals, the parties and any other person subject to the terms of this Protective Order shall be under an obligation to assemble and return to the Producing Party all Confidential Information and all copies, summaries and abstracts thereof to the extent they disclose such Confidential Information, and to return all other material, memoranda or documents embodying such Confidential Information; provided, however, that counsel of record for the parties may retain all pleadings and other materials constituting privileged work product, including all documents filed with the Court. All persons and entities to whom Confidential Information is disclosed pursuant to the terms of this Protective Order shall certify within thirty (30) days of the termination of this action, as described above, that they have complied with this paragraph.

(f)     Upon the request of any party, and with proper notice to any opposing party, the Court may modify or amend this Protective Order.

(g)     It is contemplated by this Protective Order that the Information covered by this Protective Order shall be treated as Confidential even after the resolution of this action.

**IT IS SO ORDERED.**

/s/ Terence P. Kemp
Terence P. Kemp
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CUNNINGHAM PROPERTY
MANAGEMENT TRUST, individually and
on behalf of a class of all others similarly
situated,

Plaintiff,

v.

ASCENT RESOURCES – UTICA, LLC,

Defendant.

Case No. 2:16-cv-00957

Chief Judge Edmund A. Sargus, Jr.

Magistrate Judge Terence P. Kemp

## **ACKNOWLEDGMENT OF PROTECTIVE ORDER**

Before working on and reviewing documents in the captioned case, it is necessary that you read the Protective Order attached hereto, which Cunningham Property Management Trust and Ascent Resources – Utica, LLC have agreed to with respect to materials produced in this case. Part of the Protective Order requires that you be advised of the provisions of the Protective Order and of the limited purposes for which confidential materials or other information contained in or derived therefrom may be used. Once you have carefully read the Protective Order, please acknowledge that you understand its contents and that you agree to follow and be bound by its provisions by signing where provided below.

ACKNOWLEDGMENT:

      I have read and agree to the Protective Order attached to this Acknowledgment.


_____

Signature of Qualified Person


_____

Date: